# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOSEPH L. BELL, JR.,

      **Plaintiff,**

      **v.**                                **Case No. 13-CV-1271**

UNITED STATES OF AMERICA,

      **Defendant.**

## DECISION AND ORDER ON DEFEDANT'S MOTION TO DISMISS

On November 12, 2013, the plaintiff, Joseph L. Bell, Jr. ("Bell"), filed a *pro se* complaint against Dr. Lynn Hermanns ("Hermanns"), an employee of the Clement J. Zablocki V.A. Medical Center ("Medical Center"). The Court amended the caption to substitute the United States of America (the "United States") for Lynn Hermanns as the proper defendant. (Docket # 6.) Presently before the Court is the United States' motion to dismiss Bell's complaint for failure to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). (Docket # 13.) The United States argues the complaint should either be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), or for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons articulated below, the defendant's motion is granted and Bell's complaint is dismissed.

## BACKGROUND

The allegations in Bell's complaint arise from an incident on October 24, 2013. Bell went to the Emergency Department of the Medical Center that morning for an appointment with Hermanns concerning back pain. Bell alleges that Hermanns refused to provide him Oxycodone, which had been prescribed to him in the past. In the afternoon, Bell went back to the Medical Center and was again denied Oxycodone, this time by Dr. David Tonneum who had been given instructions by Hermanns not to prescribe Oxycodone to Bell. As a result of not being prescribed Oxycodone, Bell is seeking money damages for his pain and suffering, mental and emotional anguish, and for the improper denial of his pain medication. This Court granted Bell leave to proceed *in forma pauperis* after screening Bell's complaint.

## DISCUSSION

The United States is sovereign and immune from being sued without its consent. *See Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002). A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and is strictly construed, in terms of its scope, in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Therefore, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Congress has waived the Government's sovereign immunity in enacting the FTCA by providing an exclusive remedy for certain torts of federal employees acting within the scope of their employment. 28 U.S.C. §§ 2671 et seq. *See also United States v. Orleans*, 425 U.S. 807, 813 (1976). Specifically, under the FTCA, the United States is responsible for the tortious conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." *See* 28

U.S.C. § 2674. However, the FTCA requires the exhaustion of administrative remedies prior to suing the federal government in tort. 28 U.S.C. § 2675(a); *see also Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1135 (7th Cir. 2001); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). Specifically, the exhaustion requirement reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The exhaustion requirement has been strictly applied, meaning that it is not enough for a plaintiff to file an administrative claim soon after beginning his lawsuit. *McNeil v. United States*, 508 U.S. 106, 111-12 (1993).

As the government states, whether the exhaustion requirement is jurisdictional in nature is not entirely clear. Although the Seventh Circuit has held that a failure to exhaust administrative remedies deprives the district court of subject matter jurisdiction over the claim, *see Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000), its more recent discussions seem to indicate that the failure to exhaust is probably not a jurisdictional matter, but rather a precondition to the plaintiff's statutory right to relief, *see Frey*, 270 F.3d at 1135. The *Frey* court noted in dicta that it "might be appropriate to revisit the jurisdictional language in decisions such as *Garcia*," because it was "not so sure" that the holding that failure to exhaust results in a deprivation of subject matter jurisdiction "is technically correct." *Id.* Since *Frey*, courts have analyzed a failure to exhaust as a failure to comply with the elements of a federal statute, thereby addressing exhaustion under Fed. R. Civ. P. 12(b)(6) (failure to state a claim), not 12(b)(1) (subject matter jurisdiction). *See Kolodiy v. United States*, No. 11-CV-239,

2011 WL 3489934 (E.D. Wis. Aug. 9, 2011) (addressing the government's motion to dismiss for failure to exhaust administrative remedies under Fed. R. Civ. P. 12(b)(6)); *Feistel v. United States Postal Service*, No. 08–CV–75, 2008 WL 2048278 (E.D.Wis. May 12, 2008) (taking judicial notice of exhaustion defects and dismissing plaintiffs' claim under Rule 12(b)(6)); *Repa v. Roadway Express, Inc.*, No. 03–CV–1071, 2005 WL 2275939, *1 n.1 (E.D. Wis. Sept. 19, 2005) (quoting *Frey*, 270 F.3d at 1132) ("[W]hen an individual fails to comply with the elements of a federal statute, the individual 'will not prevail, but the court's power to adjudicate the case is clear, and dismissal should be predicated on Federal Rule of Civil Procedure 12(b)(6), not on 12(b)(1).'").

Thus, I will address the defendant's motion to dismiss Bell's complaint for failure to exhaust administrative remedies under Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to the probability standard. *Id.* A plaintiff's complaint must contain enough "[f]actual allegations. . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Bell's complaint, and the supplements filed thereto, are silent on exhaustion. (Docket # 1, 10, 11.) Generally, if a court must look outside the pleadings to rule on a 12(b)(6) motion, it is necessary to convert the motion to dismiss into a summary judgment motion under Fed. R. Civ. P. 12(d). However, I may take judicial notice of the fact that a plaintiff has failed to exhaust his administrative remedies. *See Feistel*, 2008 WL 2048278, at *1 (taking judicial notice of the plaintiffs' failure to timely

exhaust); *Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003) (stating that "in resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record").

The United States, by way of the declaration of Michael T. Newman, Assistant Regional Counsel at the United States Department of Veterans Affairs, asserts that there is no record of Bell having filed an administrative tort claim against the Department of Veterans Affairs. (Declaration of Michael T. Newman ("Newman Decl.") ¶ 5, Docket # 14-1.) Newman further asserts that he has conducted a search of both the Department of Veterans Affairs' hard files and computer databases pertaining to tort claims filed against the Department of Veterans Affairs for care provided at the Medical Center and has found no record of any claim filed by Bell. (*Id.* ¶¶ 4-5.) Although Bell's complaint and supplements thereto fail to address whether Bell exhausted his administrative remedies prior to filing this case, his failure to do so is captured within the Department of Veterans Affairs' records. Such records are reliable and, in this case, uncontested. Therefore, I take judicial notice of Bell's failure to exhaust.

Moreover, the FTCA provides that a claimant shall not initiate a court action unless the agency presented with his claim has finally denied it. If an agency fails to make a final disposition of the claim within six months after it is filed, the claim will be deemed finally denied. 28 U.S.C. § 2675(a). Although Bell's response to the defendant's motion regarding exhaustion is difficult to understand, it appears he is arguing that he fully exhausted his claim by presenting his documents to Newman. (Docket # 15 at 1.) Bell does not state when he presented Newman with his claim, nor does he state when or if the claim was denied by the Department of Veterans Affairs. However, Bell's complaint stems from an incident on October 24, 2013. Therefore, even if Bell did present his

claim to the Department of Veterans Affairs immediately after it occurred, dismissal would still be appropriate because he filed this instant action well before the six-month period for deeming a claim "finally denied." *See* 28 U.S.C. § 2675.

Accordingly, Bell's claims will be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss (Docket # 13) is hereby **GRANTED** and the plaintiff's complaint is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of February, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge